Charles F. SANDERSON, III, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 91CV7428.

United States District Court,
N.D. Ohio,
Western Division.

April 29, 1994.

John D. Willey, Gary M. Harden, Eastman & Smith, Toledo, OH, for plaintiff.

Stephen A. Sherman, Alan M. Shapiro, Dept. of Justice—Tax Div., Washington, DC, for defendant.

## Memorandum and Order

CARR, District Judge.

This is a taxpayer's action for a refund of FICA and income withholding assessed by the Internal Revenue Service (IRS) for 1984, 1985 and 1986. The parties have consented to trial and the entry of judgment by the undersigned pursuant to 28 U.S.C. § 636(c). Pending is plaintiff taxpayer's motion for summary judgment. For the reasons set forth below, plaintiff's motion shall be granted.

After conducting an audit of plaintiff's trucking business for 1984, 1985 and 1986, the IRS determined that the truck drivers working for him were employees for purposes of federal income, social security, and unemployment tax withholding. Accordingly, the IRS assessed FICA, income, and unemployment taxes in excess of $33,000.00 for those years.

Plaintiff paid $409.02 toward the assessed taxes in January, 1991, and contemporaneously filed claims for refund. In April, 1991, the IRS denied his claim. Subsequently, plaintiff filed this action, claiming he is entitled to refund because his decision to treat his drivers as independent contractors, and therefore not withholding federal from their wages, falls within the scope of Section 530 of the Revenue Act of 1978. In his motion for summary judgment, he claims that there is no genuine dispute of material fact concerning whether he had a reasonable basis for treating the drivers as independent contractors, and that he is entitled to judgment as a matter of law. Because I find that plaintiff has set forth facts, not genuinely disputed, supporting his contention that he had a reasonable basis for treating drivers as indepen-

dent contractors, I conclude that summary judgment is appropriate.

Section 530(a)(1) provides for termination of employment tax liability if the taxpayer meets certain conditions. First, he or she must not have treated the individual as an employee for any period. Second, the taxpayer must have filed all relevant tax returns on a basis consistent with the individual being an independent contractor rather than an employee. Third, the taxpayer must have had a reasonable basis for treating the individual as an independent contractor rather than an employee. Section 530(a)(2)(C), provides that a taxpayer will be treated as having had a reasonable basis for not treating an individual as an employee if the taxpayer reasonably relied on a long-standing recognized practice of a significant segment of the industry in which such individual was engaged.

In addition to the statutory safe harbor, a taxpayer may still be entitled to relief under the Act if the taxpayer otherwise had a reasonable basis for treating its workers as independent contractors. Rev.Proc. 78–35, § 3.01, 1978–2 C.B. 536. This reasonable basis is to be construed liberally in favor of the taxpayer. "Without question," the Ninth Circuit observed in *General Inv. Corp. v. United States*, 823 F.2d 337, 340 (9th Cir. 1987), "Congress intended to protect employers who exercised good faith in determining whether their workers were employees or independent contractors."

Plaintiff makes three arguments in support of his claim for a refund. First, he relies on § 530(a)(2)(C), the "safe harbor" for taxpayers who reasonably rely on a long-standing practice in the segment of the industry in which they are engaged. Second, he claims that his knowledge of and experience in the trucking industry and reliance thereon constitute a reasonable basis for treating his drivers as independent contractors. Finally, plaintiff asserts that he had a reasonable basis for treating the drivers as independent contractors rather than employees based upon his knowledge and an understanding of the common law rules of employment relationships.

Because I find that plaintiff has demonstrated facts, not genuinely disputed, supporting his contention that he had a reasonable basis for treating the drivers as independent contractors, I conclude that summary judgment should be granted in his favor.

The first issue with regard to plaintiff's claim of reliance on a long-standing, recognized practice of a specific segment of the trucking industry is to define a significant segment of the trucking industry. Plaintiff urges the court to consider whether there was a long-standing, recognized practice of treating drivers as independent contractors among owner-operators, like himself. The government argues there must be such a practice among a significant segment of the trucking industry as a whole to render plaintiff's actions reasonable.

I conclude that owner operators, rather than the trucking industry as a whole or in any greater part, constitute the proper basis for determining the existence of a long standing practice on which a taxpayer could have reasonably relied. This view was adopted by the court in *General Inv. Co. v. United States*, 823 F.2d 337 (9th Cir.1987), which held that it was proper to examine the practices of small metallic mineral mines in a single county rather than nationwide mine employment practices.

Furthermore, it would be improper to compare the practice of large ICC carriers with the practices of owner-operators like plaintiff, who lease their trucks and supply drivers to ICC carriers. Although ICC carriers and owner operators, as the government points out, compete for the same business of hauling freight, that does not mean that they operate or are structured for tax or any other purpose in the same way.

Additionally, the plain language of § 530(a)(2)(C) makes clear that the practices of the entire industry should not be considered. The government's argument to the contrary suggests that it would have the court read "segment of the industry" out of the statute altogether.

I conclude, accordingly, that the relevant segment of the trucking industry is that of

which plaintiff is part, namely, owner operators. Thus, whether plaintiff is protected by the "safe harbor" provision of § 530(a)(2)(C) requires undisputed proof that plaintiff relied on a long-standing, recognized practice on the part of owner operators of treating drivers as independent contractors.

Both parties cite *In re Bentley,* (Case No. 93–30510), 1994 WL 171200, 1994 U.S.Dist. Bankr. LEXIS 261, (E.D.Tenn. February 25, 1994) in support of their respective positions. In *Bentley,* the taxpayers operated a trucking company, leasing trucks and supplying drivers to another carrier. The taxpayers treated the drivers as independent contractors and did not withhold federal taxes from their wages. Following an IRS assessment of employment taxes not withheld, the taxpayers brought a § 530 action, claiming termination of tax liability based on their reliance on the long-standing, recognized practice among owner operators of treating drivers as independent contractors.

The court in *Bentley* granted summary judgment in favor of the taxpayers based on affidavits of one taxpayer and her bookkeeper, in which both stated that treatment of drivers as independent contractors is a long-standing, commonly recognized practice in a significant segment of the trucking industry. The taxpayer's statement was based on her familiarity with the practice of treating drivers as independent contractors, gained through her own experience as a trucker. She stated that she followed the practices of other owner operators in treating her drivers as independent contractors. The bookkeeper's statement was based on her experience keeping books for other owner operators, her husband's experience as an owner operator, and her clients' and her own experience with IRS audits. *Id.* at 2, 6, 1994 U.S.Dist.Bankr. LEXIS 261 at 6.

In response, the government offered the affidavit of a trucking company owner who said he treated his drivers as employees, some other owner-operators treat drivers as employees and some treat drivers as independent contractors, and the "current trend" in the industry is to treat drivers as employees.

Noting that § 530(a)(2)(C) provides a "rather vague standard," the court concluded that the IRS failed to counter the factual support advanced by the taxpayer. The government witness' statement about the current trend in the industry did not contradict the plaintiff's statement that a significant segment of the industry presently and without regard to any trend treated its drivers as independent contractors. *Id.*

In the present case, plaintiff's testimony and the statements by others demonstrate a long-standing practice of treating drivers as independent contractors. Plaintiff stated that he knows from experience that other owner-operators treated drivers as independent contractors. (Plaintiff's Aff. ¶ 5, 6).

Plaintiff also named other owner-operators who treated their drivers as independent contractors. Specifically, plaintiff named Gordon Keegan, Dick Sanders, Joan Hartley, and Randy Lewis. (*Id.* ¶ 15). Additionally, plaintiff stated that he learned that drivers of his trucks who previously worked for other owner-operators were also treated as independent contractors. Plaintiff named those drivers as Butch Bollenbacher, Greg Beat, Paul Breitigan, James Rowles. (*Id.* ¶ 16).

Plaintiff also offers the affidavits of other owner-operators. Ms. Hartley stated she treated her drivers as independent contractors and was aware that other owner operators did the same. (Hartley Aff. ¶ 4). Mr. Keegan said that prior to becoming an owner-operator, he drove for other owner-operators and was treated as an independent contractor. (Keegan Aff. ¶ 4). Mr. Lewis stated that he treated his drivers as independent contractors. (Lewis Aff. ¶ 4).

Additionally, plaintiff stated that he had his independent contractor agreement reviewed by his own accountant, Mr. Yeager, who approved it. (Plaintiff's Aff. ¶ 11). However, Mr. Yeager, a government witness, states he does not recall approving such an agreement and would not do so today, if asked. (Yeager Aff. ¶ 4). Plaintiff argues Mr. Yeager's testimony does not contradict plaintiff's position that he had a reasonable basis for treating his drivers as independent contractors because Mr. Yeager signed plaintiff's tax returns for the years in question.

The government offered the affidavit of James Clair, the owner of an ICC-licensed carrier. He stated that he has twenty-five years experience in the trucking industry and is a member of the American, Ohio and Toledo Trucking Associations. (Clair Aff. ¶ 2) He stated that he has entered into agreements with owner operators and drivers. (Id. ¶ 16). Finally, Mr. Clair stated:

It is my further opinion that it has never been a common or accepted practice for owner operators to enter into agreements with drivers that characterizes their relationship as an independent contractor one. It is my further opinion that anyone, who has been in the industry for any length of time could not possibly have a good faith belief that there was a long standing practice in any significant segment of the industry to treat drivers, who do not own their own truck (sic), as independent contractors.

(Clair Aff. ¶¶ 18, 19).

I find *Bentley* to be directly on point with the present case. Plaintiff has set forth more testimony than the taxpayers in *Bentley* in support of its position. Mr. Clair's broad statement of opinion constitutes, however, a factual dispute as to whether plaintiff could have reasonably relied on a long-standing practice of treating drivers as independent contractors in his segment of the industry. Even though he admitted he has limited knowledge about owner-operators in plaintiff's area (Clair Aff. pp. 53–56), Mr. Clair's testimony is based on significant knowledge of and experience in the trucking industry, and clearly contradicts the evidence offered in support of plaintiff's position. Because I find that Mr. Clair's testimony creates a genuine dispute of material fact on this issue, I conclude that summary judgment is precluded as to this aspect of plaintiff's claim.

Although there is a genuine issue of fact as to whether plaintiff is entitled to protection under § 530 based on reliance on a long-standing practice in the industry, plaintiff has presented undisputed facts supporting his contention that he otherwise had a reasonable basis for treating his drivers as independent contractors.[1] First, the fact that plaintiff was treated as an independent contractor when he was a driver provides some reasonable basis for treating his own drivers, when he came to own his own business, as independent contractors even though he did not own an ICC permit. Second, the fact that plaintiff's accountant, Mr. Yeager, reviewed and signed plaintiff's tax returns for the years in question provides a degree of reasonableness to plaintiff's treatment of his drivers as independent contractors. (Yeager deposition, pp. 49–56). Even though Mr. Yeager testified he would not endorse independent contractor treatment today, that assertion is immaterial in light of his approval of such treatment for the years in question. Moreover, plaintiff knew of other owner operators in his area who treated drivers as independent contractors, and he knew of drivers treated as independent contractors by other owner operators.

Plaintiff also argues that treating his workers as independent contractors was reasonable based on his understanding of the common law rules governing employment relationships. In support of this argument, plaintiff cites *Critical Care Register Nursing v. U.S.*, 776 F.Supp. 1025 (E.D.Pa.1991). In *Critical Care*, the court held that § 530 relief may be granted where a taxpayer shows that treating workers as independent contractors would be reasonable under common law rules. The court denied judgment notwithstanding the verdict in favor of the taxpayer, explaining

In determining whether plaintiff Critical Care had a reasonable basis for not treating its nurses as employees, this court instructed the jury that it was to consider two issues. The first was whether Critical Care had a reasonable basis for not treat-

---

1. In view of the specificity of the material submitted by plaintiff, I conclude that paragraph 19 of James Clair's affidavit is a conclusory assertion, based purely on opinion, which is insufficient to raise a genuine issue of fact with respect to this aspect of plaintiff's claim. *See* Fed. R.Civ.P. 56(e). Mr. Clair's opinion, insofar as it concerned the existence of a long-standing practice of treating drivers as independent contractors, created a factual dispute about the reasonableness of plaintiff's reliance on such a practice. Mr. Clair's statement does not contradict the more general factors which, in my view, render plaintiff's treatment of his drivers reasonable.

ing its nurses as employees under the applicable common law factors for determining whether a worker is an employee or independent contractor, of which the most important is the right to control, though no one factor is controlling.

*Id.* at 1028–29 (citations omitted).

The Sixth Circuit uses nine factors to determine whether a worker is an employee or an independent contractor:

> (1) control, skill and permanency of the relationship;
>
> (2) whether the one employed is engaged in a distinct occupation or business;
>
> (3) the kind of occupation;
>
> (4) whether the employer or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work;
>
> (5) the length of time for which the person is employed;
>
> (6) the method of payment, whether by the time or by the job;
>
> (7) whether the work is part of the regular business of the employer;
>
> (8) whether the parties believe they are creating the relation of master and servant;
>
> (9) whether the principal is in business.

*Lanigan Storage & Van Co. v. U.S.*, 389 F.2d 337, 338 (6th Cir.1968). Other courts in our Circuit have considered the common law factors governing employment relationships in determining whether taxpayers had a reasonable basis for treating their workers as independent contractors. *Moore v. U.S.*, No. 1:91CV76, 1992 WL 220913 (W.D.Mich. June 29, 1992); *Henderson v. U.S.*, No. 1:90CV1064, 1992 WL 104326 (W.D.Mich. February 18, 1992).

Plaintiff claims his knowledge and understanding of these factors gave him a reasonable basis for treating his drivers as independent contractors. He asserts that under his lease agreements with common carriers, the carriers had exclusive rights to control the trucks, and to approve or hire truck drivers. He further notes that carriers set forth certain requirements for drivers, including licensing and physical examination. According to plaintiff, all directions concerning pick up and delivery came from the carriers, and route decisions were left up to the driver. (Sanderson Aff. ¶¶ 19–21). Plaintiff also alleges that cash advances came from the carrier, and the drivers did not get paid until Sanderson received payment. (Beat deposition, pp. 12–19). Furthermore, he states that drivers were free to accept or decline to haul particular loads, were not required to work any predetermined amount of time, and were free to drive for other carriers in addition to those serviced by Sanderson. (Sanderson Aff. ¶¶ 25, 26). Upon review of these undisputed facts in light of the common law factors recognized in our Circuit, I conclude that plaintiff's understanding of these factors contributed to the reasonableness of treating his drivers as independent contractors.

Plaintiff cites audits conducted of his business by the Ohio Bureau of Workers' Compensation in 1990 and 1992 when the Bureau determined that the drivers were independent contractors. Plaintiff's expert witness, Lynn Nichols, a C.P.A., opined that it was reasonable for plaintiff to treat his drivers as independent contractors, based on the absence of the kind of control that characterizes employer-employee relationships. (Nichols Aff. ¶ 9). Plaintiff also cites an Ohio case involving similar facts but different legal questions where the court found drivers working for owner-operators were independent contractors. *Harrod v. Tebbe,* 1992 WL 63292, 1992 Ohio App. LEXIS (Ct.App.1992).

In light of the foregoing factors and applicable case law, I conclude that plaintiff's argument is well taken. Given the liberal construction Congress intended to be given the statute, the undisputed facts set forth above, viewed in light of the common law factors governing employment relationships, demonstrate that plaintiff had a reasonable basis for treating his drivers as independent contractors.

For the reasons stated above,

IT IS ORDERED THAT plaintiff's motion for summary judgment be granted, and it is

FURTHER ORDERED THAT plaintiff's motion to continue the May 2, 1994, trial date

is overruled as moot, and said trial date is hereby vacated.

So Ordered.